**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

William R. Ferrara, Appellant,

v.

Michael E. Hunt, Sheriff of Aiken County, Aiken County Sheriff's Department, Charles Cain in his individual capacity as Deputy Sheriff, and the Aiken County Sheriff's Department, Defendants,

Of whom Charles Cain in his individual capacity as Deputy Sheriff is the Respondent.

Appellate Case No. 2013-001909

———————————

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-408
Submitted June 1, 2015 – Filed August 12, 2015

———————————

**AFFIRMED**

———————————

S. Jahue Moore, John Calvin Bradley, Jr., Michael Brooks Biediger, and Margaret Amelia Hazel, all of Moore Taylor Law Firm, P.A., of West Columbia, for Appellant.

Matthew B. Rosbrugh, of MBR Law, LLC, of Columbia, for Respondent.

---

**PER CURIAM:** William Ferrara appeals the circuit court's order granting Aiken County Sheriff's Deputy Charles Cain's motion for summary judgment, arguing the trial court erred in (1) granting summary judgment as to his claim for malicious prosecution on the grounds of res judicata and collateral estoppel, (2) granting summary judgment as to his claims for malicious prosecution on the grounds that he failed to prove a lack of probable cause, and (3) ruling that the South Carolina Tort Claims Act[1] shielded Cain from liability. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to Issues 1 and 2: *Turner v. Milliman*, 392 S.C. 116, 121-22, 708 S.E.2d 766, 769 (2011) ("When reviewing a grant of summary judgment, appellate courts apply the same standard applied by the trial court pursuant to Rule 56(c), SCRCP."); *id.* at 122, 708 S.E.2d at 769 ("Summary judgment is appropriate when the pleadings, depositions, affidavits, and discovery on file show there is no genuine issue of material fact such that the moving party must prevail as a matter of law."); *Pallares v. Seinar*, 407 S.C. 359, 366, 756 S.E.2d 128, 131 (2014) ("[T]o maintain an action for malicious prosecution, a plaintiff must establish: (1) the institution or continuation of original judicial proceedings; (2) by or at the instance of the defendant; (3) termination of such proceedings in [the] plaintiff's favor; (4) malice in instituting such proceedings; (5) *lack of probable cause*; and (6) resulting injury or damage." (alterations in original) (emphasis added) (footnote and internal quotation marks omitted)); *Bailey v. United States*, 133 S. Ct. 1031, 1037 (2013) ("The Fourth Amendment [of the United States Constitution], applicable through the Fourteenth Amendment to the States, provides: The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no [w]arrants shall issue, but upon probable cause . . . particularly describing the place to be searched, and the persons or things to be seized." (internal quotation marks omitted)); *Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance."); *Laughon v. O'Braitis*, 360 S.C. 520, 526, 602 S.E.2d 108, 111 (Ct. App. 2004) ("Under the doctrine of issue preclusion, if an issue of fact or law was actually litigated and determined and necessary to a valid

---

[1] *See* S.C. Code Ann. § 15-78-10 to -220 (2005 & Supp. 2014).

and final judgment, the determination is conclusive in a subsequent action on that claim or a different claim.").

We do not address Issue 3 because our determination of Issues 1 and 2 are dispositive. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address an appellant's remaining issues when its determination of a prior issue is dispositive).

**AFFIRMED.**[2]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.