**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

William R. Ferrara, Appellant,

v.

Michael E. Hunt, Sheriff of Aiken County, and Charles Cain in his individual capacity as Deputy Sheriff, Defendants,

Of whom Michael E. Hunt is the Respondent.

Appellate Case No. 2013-000826

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2015-UP-407
Submitted June 1, 2015 – Filed August 12, 2015

**AFFIRMED**

S. Jahue Moore, John Calvin Bradley, Jr., Michael Brooks Biediger, and Margaret Amelia Hazel, all of Moore Taylor Law Firm, P.A., of West Columbia, for Appellant.

Robert David Garfield and Andrew F. Lindemann, both of Davidson & Lindemann, P.A., of Columbia, for Respondent.

———————————

**PER CURIAM:** William Ferrara appeals the circuit court's order granting Aiken County Sheriff Michael E. Hunt's motion for summary judgment, arguing the circuit court erred in (1) granting summary judgment as to his claim for malicious prosecution, (2) granting summary judgment as to his defamation claims on the grounds that Hunt's communication was protected by a qualified privilege, and (3) its application of section 17-1-40 of the South Carolina Code (Supp. 2014). We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred in granting summary judgment on Ferrara's malicious prosecution claim: *Turner v. Milliman*, 392 S.C. 116, 121-22, 708 S.E.2d 766, 769 (2011) ("When reviewing a grant of summary judgment, appellate courts apply the same standard applied by the trial court pursuant to Rule 56(c), SCRCP."); *id.* at 122, 708 S.E.2d at 769 ("Summary judgment is appropriate when the pleadings, depositions, affidavits, and discovery on file show there is no genuine issue of material fact such that the moving party must prevail as a matter of law."); *Pallares v. Seinar*, 407 S.C. 359, 366, 756 S.E.2d 128, 131 (2014) ("[T]o maintain an action for malicious prosecution, a plaintiff must establish: (1) the institution or continuation of original judicial proceedings; (2) by or at the instance of the defendant; (3) termination of such proceedings in [the] plaintiff's favor; (4) malice in instituting such proceedings; (5) *lack of probable cause*; and (6) resulting injury or damage." (alterations in original) (emphasis added) (footnote and internal quotation marks omitted)); *Bailey v. United States*, 133 S. Ct. 1031, 1037 (2013) ("The Fourth Amendment [of the United States Constitution], applicable through the Fourteenth Amendment to the States, provides: The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no [w]arrants shall issue, but upon probable cause . . . particularly describing the place to be searched, and the persons or things to be seized." (internal quotation marks omitted)); *Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance."); *Laughon v. O'Braitis*, 360 S.C. 520, 526, 602 S.E.2d 108, 111 (Ct. App. 2004) ("Under the doctrine of issue preclusion, if an issue of fact or law was actually litigated and determined and necessary to a valid and final judgment, the determination is conclusive in a subsequent action on that claim or a different claim.").

2. As to whether the circuit court erred in granting summary judgment as to Ferrara's defamation claims: *West v. Morehead*, 396 S.C. 1, 7, 720 S.E.2d 495, 498 (Ct. App. 2011) ("Under the law of defamation, . . . certain communications give rise to qualified privileges, including the privilege to publish fair and substantially accurate reports of judicial and other governmental proceedings without incurring liability."); *id.* at 7, 720 S.E.2d at 499 ("Under this defense [of qualified privilege], one who publishes defamatory matter concerning another is not liable for the publication if (1) the matter is published upon an occasion that makes it [qualifiedly or] conditionally privileged, and (2) the privilege is not abused." (alterations in original) (internal quotation marks omitted)); *id.* at 8, 720 S.E.2d at 499 ("[T]he privilege extends only to *a report of the contents of the public record* and any matter added to the report by the publisher, which is defamatory of the person named in the public records, is not privileged." (emphasis added) (internal quotation marks omitted)); *id.* at 7, 720 S.E.2d at 499 ("Whether the occasion is one which gives rise to a qualified privilege is a question of law.").

3. As to whether the circuit court erred in granting summary judgment on Ferrara's claim for relief under section 17-1-40: S.C. Code Ann. § 17-1-40(B)(2) (Supp. 2014) ("A municipal, county, or state agency, or an employee of a municipal, county, or state agency that intentionally violates this subsection is guilty of contempt of court."); *Grosshuesch v. Cramer*, 377 S.C. 12, 30, 659 S.E.2d 112, 121 (2008) ("[O]ur jurisprudence clearly establishes that the proper procedure to determine whether a party should be held in contempt is to bring a summons and a rule to show cause."); *Toyota of Florence, Inc. v. Lynch*, 314 S.C. 257, 267, 442 S.E.2d 611, 617 (1994) ("Charges of constructive contempt are brought by a rule to show cause which must be based upon an affidavit or verified petition."); *id.* ("The failure to support the rule to show cause by an affidavit or verified petition is a fatal defect.").  As to whether the circuit court erred in failing to consider Sheriff Hunt's alleged violation of section 17-1-40 in the context of Ferrara's defamation claim: *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue . . . must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) (holding if the losing party raised an issue to the circuit court, but the court failed to rule upon it, the party must file a Rule 59(e) motion in order to preserve the issue).

**AFFIRMED.**[1]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.