# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Meritage Asset Management, Inc. d/b/a Century Glass Company, Appellant,

v.

Freeland Construction Company, Inc. and South Carolina Military Department, Defendants,

Of which South Carolina Military Department is the Respondent.

Appellate Case No. 2018-000162

———————

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

———————

Opinion No. 5802
Heard September 14, 2020 – Filed February 10, 2021

———————

**AFFIRMED**

———————

Everett Augustus Kendall, II, of Murphy & Grantland, P.A., and William Harley Yarborough, Jr., of Cavanaugh & Thickens, LLC, both of Columbia, for Appellant.

Chief Deputy Attorney General W. Jeffrey Young, Deputy Assistant Attorney General Harley Littleton Kirkland, and Assistant Attorney General Leon David Leggett, III, all of Columbia, for Respondent.

———————

**WILLIAMS, J.:**  Meritage Asset Management, Inc., d/b/a Century Glass Company (Meritage), appeals the trial court's order granting South Carolina Military Department (the Department) summary judgment.  On appeal, Meritage argues it was entitled to summary judgment because it was undisputed the Department failed to comply with the Subcontractors' and Suppliers' Payment Protection Act (the SPPA).[1]  We affirm.

## FACTS/PROCEDURAL HISTORY

The facts of this case are not in dispute.  In September 2014, the Department executed a contract with Freeland Construction Company, Inc. (Freeland) to perform construction work on the Saluda Armory.  Freeland failed to secure a payment bond for the project or submit any proof of adequate bonding in its bid submission to the Department.  The Department admitted it failed to require Freeland to obtain a payment bond as required under the SPPA.[2]  In January 2016, Freeland subcontracted with Meritage to perform work on the project.  Meritage completed the work and submitted a final invoice to Freeland on May 20, 2016.  Freeland submitted its final invoice to the Department on June 3, 2016, and was paid in full on June 17, 2016.  Freeland never paid Meritage for its work on the project.  Meritage notified the Department of Freeland's failure to pay on August 8, 2016.

Meritage brought a breach of contract claim alleging (1) the Department was obligated to compensate Meritage as a third-party beneficiary to the contract between the Department and Freeland and (2) the Department failed to ensure that Freeland was properly bonded pursuant to the SPPA.[3]  The Department admitted it failed to comply with the SPPA's payment bond requirement, but it nevertheless moved for summary judgment.  The Department argued that under *Sloan Construction Company, Inc. v. Southco Grassing, Inc.*, Meritage was not entitled to any recovery from the Department because there was no outstanding balance owed to Freeland when the Department received notice of Freeland's nonpayment.[4]  Meritage filed a cross motion for summary judgment.

---

[1] S.C. Code Ann. §§ 29-6-210 to -290 (2007 & Supp. 2019).

[2] *See* § 29-6-250.

[3] Meritage also brought a breach of contract claim against Freeland and obtained a default judgment.

[4] 377 S.C. 108, 121, 659 S.E.2d 158, 165–66 (2008) ("[T]he government entity's liability [under the SPPA] is *limited to the remaining unpaid balance* on the contract with the general contractor when the subcontractor notifies the

Finding *Sloan* applied, the trial court granted the Department's motion for summary judgment. The court held that under *Sloan*, the Department did not owe Meritage damages because no outstanding balance existed between the Department and Freeland at the time Meritage notified the Department of Freeland's failure to compensate. This appeal followed.

**ISSUE ON APPEAL**

Did the trial court err in granting summary judgment to the Department?

**STANDARD OF REVIEW**

"In reviewing a grant of summary judgment, the appellate court applies the same standard as the trial judge under Rule 56(c), SCRCP." *Shirley's Iron Works*, 403 S.C. at 567, 743 S.E.2d at 782. "Summary judgment is proper if, viewing the evidence in a light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law." *Id.*

**LAW/ANALYSIS**

Meritage argues the trial court erred in denying its motion for summary judgment and in granting summary judgment to the Department. Meritage asserts the trial court erred in holding *Sloan* applied, arguing this case is distinguishable from *Sloan* because the Department paid Freeland in full before Meritage notified the Department of Freeland's nonpayment. Meritage contends the application of *Sloan*'s limitation is inconsistent with the SPPA's goal of protecting subcontractors and suppliers. We disagree.

Prior to 2000, subcontractors and suppliers providing labor or materials for public projects had limited payment protection in the event the general contractor became insolvent because mechanics' liens cannot be enforced on public property. *Sloan*, 377 S.C. at 113, 659 S.E.2d at 161; *see also Atl. Coast Lumber Corp. v. Morrison*, 152 S.C. 305, 309, 149 S.E. 243, 245 (1929) (stating a mechanics' lien is not enforceable against public property). The South Carolina General Assembly

government of the general contractor's nonpayment." (emphasis added)), *holding modified by Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 743 S.E.2d 778 (2013).

enacted the SPPA in 2000 to institute a bonding scheme to ensure such entities are compensated for their work on public projects. *Sloan*, 377 S.C. at 114, 659 S.E.2d at 161. Section 29-6-250 provides as follows:

> (1) When a governmental body is a party to a contract to improve real property, and the contract is for a sum in excess of fifty thousand dollars, the owner of the property shall require the contractor to provide a labor and material payment bond in the full amount of the contract.
>
> . . . .
>
> (3) For the purposes of any contract covered by the provisions of this section, it is the duty of the entity contracting for the improvement to take reasonable steps to assure that the appropriate payment bond is issued and is in proper form.

In *Sloan*, the government hired a general contractor for a maintenance project on state highways, and the general contractor provided proof of a payment bond. 377 S.C. at 111, 659 S.E.2d at 160. The general contractor hired a subcontractor, but before the subcontractor completed its work, the payment bond was canceled due to the bond issuer's insolvency. *Id.* The government requested proof of a replacement bond, but the general contractor never responded. *Id.* The subcontractor completed its work but did not receive payment from the general contractor, and it notified the government (1) it had not been paid and (2) the general contractor did not obtain a replacement payment bond. *Id.* The general contractor, without paying the subcontractor, subsequently informed the government it made all payments due to subcontractors and requested its final payment, which the government disbursed. *Id.* The subcontractor sued the government, ultimately raising to our supreme court the issue of whether a subcontractor could recover from the government under the SPPA. *Id.* at 111–12, 659 S.E.2d at 160–61.

The court, noting the SPPA was a remedial statute subject to liberal construction, held section 29-6-250 created a private right of action against the government for failure to ensure the general contractor obtained a payment bond. *Id.* at 117–18, 659 S.E.2d at 163–64. The SPPA does not provide a remedy for the government's failure to comply with section 29-6-250, but the supreme court held its failure to do

so does not subject it to open-ended liability.  *Id.* at 121, 659 S.E.2d at 165.  In determining the government's limits on liability, the court considered the limits set forth in the mechanics' lien statutes.  *Id.*  Specifically, the court noted "the owner's liability is limited to the remaining unpaid balance on the contract with the general contractor at the time the owner receives notice from the subcontractor of the general contractor's nonpayment."  *Id.*; *see* S.C. Code Ann. § 29-5-40 (2007) ("But in no event shall the aggregate amount of liens set up hereby exceed the amount due by the owner on the contract price of the improvement made.").  Noting the similar purposes between the SPPA and the mechanics' lien statutes, the court held "in a tort or contract action arising under the SPPA, the government entity's liability is limited to the remaining unpaid balance on the contract with the general contractor when the subcontractor notifies the government of the general contractor's nonpayment.  377 S.C. at 121, 659 S.E.2d at 165–66.

The supreme court subsequently modified the holding in *Sloan* in *Shirley's Iron Works*.  In that case, a city contracted with a general contractor to improve real property but failed to require the general contractor to obtain a payment bond.  403 S.C. at 564, 743 S.E.2d at 780.  The general contractor failed to compensate its subcontractors, who contacted the city to receive payment.  *Id.* at 564–65, 743 S.E.2d at 780.  The city offered to split the amount remaining on the general contractor's contract, but some subcontractors refused to accept less than they were due, and the city distributed the offered amount to other subcontractors.  *Id.* at 565, 743 S.E.2d at 780.  While holding the city could be liable to the appellant for failing to comply with section 29-6-250, our supreme court modified *Sloan*'s holding to clarify the government can only be liable under a third-party beneficiary breach of contract action, not tort, for failing to comply with the SPPA.  *Id.* at 567, 571–73, 743 S.E.2d at 781–84.  However, the court did not modify *Sloan*'s holding that the government's liability is limited to the remaining unpaid balance on its contract with the general contractor, and it remanded the matter to the trial court for a determination of the government's liability pursuant to *Sloan*'s limitation.[5] *See id.* at 575, 743 S.E.2d at 786.

We find the trial court correctly applied *Sloan* to the facts of this case.  Because Meritage alleges the Department violated section 29-6-250 and *Sloan* established

[5] Meritage argues the supreme court was not asked to review the limits of liability in *Sloan*, but whether a subcontractor had a private right of action against the government for noncompliance with section 29-6-250.  Any argument that *Sloan*'s limitation is dicta is without merit due to the supreme court's application of the limitation in *Shirley's Iron Works*.

the remedy for violations of section 29-6-250, *Sloan*'s limitation on liability applies to this case.  *See* S.C. Const. art. V, § 9 ("The decisions of the Supreme Court shall bind the Court of Appeals as precedents."); *Freeman v. Freeman*, 323 S.C. 95, 105, 473 S.E.2d 467, 473 (Ct. App. 1996) ("[The court of appeals is] bound by the decisions of the South Carolina Supreme Court.").  Accordingly, the Department's liability to Meritage is limited to the amount remaining on its contract with Freeland when Meritage notified it of Freeland's nonpayment.[6]  Because it is undisputed that the Department did not learn of Freeland's nonpayment until after it had paid Freeland the remaining amount on the contract, its liability to Meritage is zero as a matter of law.  *See Sloan*, 377 S.C. at 121, 659 S.E.2d at 165–66 ("[T]he government entity's liability [under the SPPA] is limited to the remaining unpaid balance on the contract with the general contractor when the subcontractor notifies the government of the general contractor's nonpayment."); *see also Shirley's Iron Works*, 403 S.C. at 567, 743 S.E.2d at 782 ("Summary judgment is proper if, viewing the evidence in a light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.").  Thus, the trial court did not err in granting summary judgment to the Department and in denying summary judgment to Meritage.

Accordingly, the decision of the trial court is

**AFFIRMED.**

**HUFF and GEATHERS, JJ., concur.**

---

[6] Meritage additionally argues it could not notify the Department of Freeland's nonpayment because payment was not yet overdue.  However, neither the SPPA nor *Sloan* impose a requirement that payment be past due before providing notification of nonpayment, and Meritage fails to provide any supporting authority for this assertion.