**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Josh Hawkins, Appellant,

v.

American Airlines, The Qantas Group d/b/a Qantas Airlines, Expedia, and Travel Guard Insurance, Defendants,

Of Which American Airlines and Expedia are the Respondents.

Appellate Case No. 2020-001150

―――――――――

Appeal From Greenville County
Perry H. Gravely, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2024-UP-122
Submitted November 1, 2023 – Filed April 17, 2024

―――――――――

**AFFIRMED**

―――――――――

Helena LeeAnn Jedziniak and Joshua Thomas Hawkins, both of Hawkins & Jedziniak, LLC, of Greenville, for Appellant.

John Lucius McCants, of Rogers Lewis Jackson Mann & Quinn, LLC, of Columbia; and Kenneth S. Nankin, of

Rockville, Maryland, both for Respondent American Airlines.

William S.F. Freeman, of Freeman & Freeman, LLC, of Greenville, for Respondent Expedia.

———————

**PER CURIAM:** In this civil matter, Josh Hawkins appeals the circuit court's orders (1) dismissing his complaint against American Airlines (American) pursuant to Rule 12(b)(6), SCRCP and (2) dismissing his complaint against Expedia, Inc. and compelling arbitration. We affirm.

1. We find the circuit court did not err in granting American's motion to dismiss Hawkins's complaint pursuant to Rule 12(b)(6). *See Sloan Constr. Co. v. Southco Grassing, Inc.*, 377 S.C. 108, 112, 659 S.E.2d 158, 161 (2008) ("In reviewing the dismissal of a claim for failure to state facts sufficient to constitute a cause of action under Rule 12(b)(6), SCRCP, the appellate court applies the same standard of review as the trial court."); *Toussaint v. Ham*, 292 S.C. 415, 416, 357 S.E.2d 8, 9 (1987) ("A ruling on a 12(b)(6) motion to dismiss must be based solely upon the allegations set forth on the face of the complaint and the motion cannot be sustained if facts alleged and inferences reasonably deducible therefrom would entitle the plaintiff to any relief on any theory of the case."). Specifically, we hold the circuit court did not err in finding Hawkins's tort and Unfair Trade Practices Act (UTPA)[1] claims for damages due to flight delays and delayed baggage were preempted by the Montreal Convention. "The Montreal Convention is self-executing and creates a private right of action in United States courts." 8A Am. Jur. 2d Aviation § 136. "For all air transportation to which the Montreal Convention applies, if an action for damages, however founded, falls within one of the Convention's three damage provisions, the Convention provides *the sole cause of action* under which a claimant may seek redress for her injuries." *Id.* (emphasis added). Article 19 of the Montreal Convention addresses air carrier liability "for damage occasioned by delay in the carriage by air of passengers, baggage or cargo." Montreal Convention, art. 19.

As to Hawkins's claims regarding insufficient services rendered, the circuit court properly found these claims were preempted by the Airline Deregulation Act of 1978 (ADA).[2] "The [ADA] expressly preempts state efforts to regulate the prices,

———————

[1] S.C. Code Ann. §§ 39-5-10 to -730 (2023).
[2] 49 U.S.C. § 41713.

routes, and services of certain air carriers." *Air Evac EMS, Inc. v. Cheatham*, 910 F.3d 751, 755 (4th Cir. 2018); *see also* 49 U.S.C. § 41713(b)(1) ("Except as provided in this subsection, a State, political subdivision of a State, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart."). "To determine whether a claim has a connection with, or reference to an airline's prices, routes, or services, we must look at the facts underlying the specific claim." *Smith v. Comair, Inc.*, 134 F.3d 254, 259 (4th Cir. 1998). Here, it is clear Hawkins's claims relating to airport staffing and the failure to credit him airline rewards miles fall within the scope of claims preempted by the ADA. *See id.* at 257 (noting the United States Supreme Court previously held "the ADA preempted the specific application of general state consumer protection statutes to airline fare advertising"); *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 226–228 (1995) (holding federal law preempts application of states' general consumer protection statutes to airlines' frequent flyer programs). Accordingly, we affirm the circuit court's order as to American's motion.[3]

2. We find the two-issue rule precludes this court from considering whether the circuit court erred in dismissing Hawkins's complaint against Expedia and compelling arbitration. In its order, the circuit court dismissed the complaint, finding arbitration was proper not only on the merits but also procedurally due to Hawkins's failure to oppose Expedia's assertions prior to the hearing. The court stated:

> [T]he Plaintiff's denial was made to the Court only after commencement of the hearing. Plaintiff's denial should have been brought to the Court's attention prior to the start of the hearing. The Plaintiff therefore cannot refute the assertions made by Expedia. Therefore, the Plaintiff is bound by the Terms of Use.

---

[3] Hawkins also filed a claim for a breach of contract accompanied by a fraudulent act. In its order granting American's motion to dismiss, the circuit court found Hawkins failed to adequately plead two of the three elements and therefore dismissed the claim pursuant to Rule 12(b)(6). Hawkins does not challenge this finding in his appellate brief; therefore, it is the law of the case. *See Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance.").

Hawkins did not challenge this alternate sustaining ground on appeal.  Therefore, it is the law of the case, and we affirm the circuit court's order. *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 328, 730 S.E.2d 282, 284 (2012) ("Under the two issue rule, where a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become law of the case." (quoting *Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010)*, abrogated on other grounds by Repko v. County Of Georgetown*, 424 S.C. 494, 818 S.E.2d 743 (2018))); *Shirley's Iron Works*, 403 S.C. at 573, 743 S.E.2d at 785 ("An unappealed ruling is the law of the case and requires affirmance.").

**AFFIRMED.**[4]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.