**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tasha Jones and Shaniqua Thompson, Respondents,

v.

Lyndon Southern Insurance Company, Safe Choice Insurance, LLC, and Jupiter Managing General Agency, Inc, Defendants,

Of which Lyndon Southern Insurance Company is the Appellant.

Appellate Case No. 2023-001289

———————

Appeal From Richland County
Clifton B. Newman, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-020
Submitted October 1, 2025 – Filed January 21, 2026

———————

**AFFIRMED**

———————

Susan Pedrick McWilliams, of Maynard Nexsen, PC, of Columbia; Kirsten Elena Small, of Maynard Nexsen, PC, of Greenville; and Ransome Hayward Helmly, of Ransome H. Helmly, LLC, of Mount Pleasant, all for Appellant.

Dietrich Andre' Lake, of The Lake Law Firm, of Columbia, for Respondents.

------

**PER CURIAM:** In this insurance matter, originally arising from a motor vehicle accident in 2017, Lyndon Southern Insurance Company (Lyndon) seeks to appeal the trial court's denial of its post-trial motions, which upheld a jury verdict awarding damages to Tasha Jones and Shaniqua Thompson (collectively, Respondents). Unfortunately, this court is unable to address Lyndon's issues on appeal. In its appellate brief, Lyndon attacks the trial court's denial of its post-trial motions. However, Lyndon never appealed the trial court's order denying its post-trial motions. Following the verdict, Lyndon did not make any post-trial motions. After the jury was dismissed, the trial court and attorneys discussed potential issues regarding damages. The court stated:

> You know, they awarded 50,000 for the breach, 75,000 for the bad faith, and 350 for punitive. Now, whether or not – the question you are all sort of posing, whether the $50,000 for the breach has already been awarded by Judge Hood or whether it's separate and apart from Judge Hood's order, and I'm not – there is nothing before me. Y'all are just asking me questions. There are no – there's nothing pending before me.

Lyndon then stated, "I just want to renew my directed verdict motion." The court responded, "Yes. We'll indicate that it was properly made, directed verdict motion, but no post-trial motions were made."

The jury published its verdict on June 22, 2023. On July 3, 2023, Lyndon filed motions seeking a judgment notwithstanding the verdict (JNOV), a new trial absolute, a new trial nisi remittitur, and any other appropriate relief.[1] Thereafter, on August 11, 2023, Lyndon filed a notice of appeal with this court, appealing the verdict. On Respondents' motion, this court remanded jurisdiction to the trial court

------

[1] *See* Rule 50(e), SCRCP ("The motion for judgment n.o.v. shall be made promptly after the jury is discharged, or in the discretion of the court not later than 10 days thereafter."); Rule 59(b), SCRCP ("The motion for a new trial shall be made promptly after the jury is discharged, or in the discretion of the court not later than 10 days thereafter."). The record contains no evidence of Lyndon requesting more time or the trial court approving such a request.

and stayed the appeal of the verdict until the trial court addressed Lyndon's post-trial motions.

On March 27, 2024, the trial court issued a thirty-eight-page order denying Lyndon's post-trial motions. However, Lyndon neither amended its prior notice of appeal nor filed a second notice to appeal the order denying its post-trial motions. Thus, the stay lifted on the appeal applied only to issues that occurred preverdict, as Lyndon made no post-trial motions immediately after the jury's dismissal nor requested an extension as permitted under Rule 59(b), SCRCP. *See* Rule 203(b)(1), SCACR ("A notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment."); Rule 203(d)(1)(B)(ii), SCACR ("The notice filed with the appellate court *shall be accompanied* by the following: . . . [a] copy of the order(s) and judgment(s) to be challenged on appeal if they have been reduced to writing . . . ." (emphasis added)); Rule 203(e)(1)(C), SCACR ("In appeals from lower courts, the notice of appeal *shall contain the following information*: . . . [t]he date of the order, judgment, or sentence from which the appeal is taken . . . ." (emphasis added)). Lyndon's brief focuses on the trial court's denial of its post-trial motions. We are precluded from reviewing this decision as it is now the law of the case. *See Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance."); *Atl. Coast Builders & Contractors, L.L.C. v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("[A]n unappealed ruling, right or wrong, is the law of the case.").

**AFFIRMED.**[2]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.