**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Richard S. Cox as guardian for Myrna A. Cox, Appellant,

v.

Samuel W. Cox, Respondent.

Appellate Case No. 2022-001731

_____

Appeal From Florence County
Timothy H. Pogue, Family Court Judge

_____

Unpublished Opinion No. 2026-UP-160
Submitted March 2, 2026 – Filed April 1, 2026

_____

**AFFIRMED**

_____

Tucker S. Player, of Player Law Firm, LLC, of Chapin;
and Gregory Samuel Forman, of Gregory S. Forman, PC,
of Charleston, both for Appellant.

Marian Dawn Nettles, of Nettles Turbeville & Reddeck,
of Lake City, for Respondent.

_____

**PER CURIAM:** Richard S. Cox, as guardian for Myrna A. Cox (Wife), appeals the family court's dismissal of Wife's action for separate support and maintenance against her late husband, Samuel W. Cox (Husband), pursuant to the

365-Day-Rule[1] and the order denying her motion to reconsider. On appeal, Wife argues the family court erred when it (1) declined to enforce a signed mediation agreement between all parties and their attorneys despite the agreement complying with Rule 43(k) of the South Carolina Rules of Civil Procedure and (2) held the dismissal of her case under the 365-Day-Rule did not prejudice her. We affirm pursuant to Rule 220(b), SCACR.

Wife argues the family court erred by dismissing her case pursuant to the 365-Day-Rule on September 2, 2022, because it should have applied Rule 43(k) and she suffered prejudice from the dismissal. However, Wife failed to perfect an appeal from the family court's September 2, 2022 order because Wife's motion to reconsider was found by the family court to be untimely served and thus, the motion to reconsider did not stay the time for Wife to serve her notice of appeal. *See* Rule 203(b)(1), SCACR ("A notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 14-15, 602 S.E.2d 772, 775 (2004) ("[I]f a party misses the deadline, the appellate court lacks jurisdiction to consider the appeal and has no authority or discretion to 'rescue' the delinquent party by extending or ignoring the deadline for service of the notice."). Furthermore, although Wife timely appealed the November 23, 2022 order denying her motion to reconsider, Wife has not challenged the timeliness ruling in the order denying her motion to reconsider—not to the family court nor in her appellate brief to this court—and it is now the law of the case. *See Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance.").

**AFFIRMED.[2]**

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] *See RE: Family Court Benchmark*, S.C. Sup. Ct. Order dated July 24, 2020 (directing family courts to dismiss cases that fail to schedule a final hearing within 365 days).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.