730 S.E.2d 922

Ann DREHER, Appellant,

v.

SOUTH CAROLINA DEPARTMENT OF HEALTH AND
ENVIRONMENTAL CONTROL, Respondent.

Appellate Case No.2010–181586.

No. 5011.

Court of Appeals of South Carolina.

Heard May 23, 2012.
Decided July 25, 2012.

Christopher McG. Holmes, of the Law Offices of Christopher McG. Holmes, of Mt. Pleasant; and Leslie S. Riley, of McNair Law Firm, PA, of Charleston, for Appellant.

Carlisle Roberts, Jr. and Davis A. Whitfield–Cargile, both of South Carolina Department of Health and Environmental Control, of Columbia, for Respondent.

WILLIAMS, J.

Ann Dreher (Dreher) appeals the final order of the Administrative Law Court (ALC) affirming the denial of her application to construct a bridge to property she owns on Folly Island, South Carolina, based on the ALC's finding that her property is a coastal island subject to regulatory restrictions. In addition, Dreher asserts a permit should have been issued because she demonstrated *de minimus* environmental impact from the proposed bridge construction. We reverse.

## FACTS/PROCEDURAL HISTORY

Dreher is the record owner of two parcels of property located on Folly Island.[1] The first parcel of land, designated as 806 East Cooper Avenue, consists of .2409 acres. The second parcel, identified as "Tract D," contains .8434 acres of upland high ground (the buildable portion) and the remainder, which surrounds the buildable portion, is comprised of coastal tidelands and waters. Tract D commences at the southeast corner of lot 809 East Cooper Avenue and extends to the edges of the marsh of Folly River and then approximately 290 feet to the west and back to the eastern line of 805 East Cooper Avenue and then back to the starting point at lot 809. It is undisputed that 806 East Cooper Avenue and Tract D were previously a contiguous tract of high ground property. Prior to Dreher's purchase of the parcels, two man-made canals were constructed resulting in Tract D being completely surrounded by coastal tidelands and waters.

On April 2, 2009, Dreher submitted an application to the South Carolina Department of Health and Environmental Control (DHEC), requesting a permit to construct a 9 feet × 51 feet vehicular bridge originating at 806 East Cooper Avenue and across the tidal canal to Tract D. DHEC denied Dreher's application because Regulation 30–12(N)(2)(c) (the Small Islands Regulation) prohibits DHEC from issuing a permit for the construction of a bridge to a coastal island that

---

1. The title abstract for Dreher's property demonstrates that her title derives from an original grant on November 8, 1918, to Folly Island Company of a tract described as "the 'Folly Islands' or more commonly known collectively as 'Folly Island,' being bounded on the East by the Atlantic Ocean, on the South by the channel of Stono Inlet, on the West by the channel of Folly River and Folly Creek and on the North by the channel of 'Lighthouse Inlet.' "

is less than two acres in size. 23A S.C.Code Ann. Regs. 30–12(N)(2)(c) (Supp.2011) ("The Department will not consider applications for bridge access to islands less than two acres in size."). The Board of Health and Environmental Control (Board) declined to conduct a final review conference on the matter, and Dreher filed a written request for a contested hearing with the ALC. Following a hearing on July 13, 2010, the ALC issued a Final Order and Decision (the Order) on October 19, 2010, and both parties timely filed motions to reconsider. The ALC did not issue a ruling on either party's motions and, by rule, they were deemed denied after thirty days. This appeal followed.

## STANDARD OF REVIEW

The Administrative Procedures Act establishes this court's standard of review for cases decided by the ALC. This court will only reverse the ALC's decision if it is:

(a) in violation of constitutional or statutory provisions;

(b) in excess of the statutory authority of the agency;

(c) made upon unlawful procedure;

(d) affected by other error of law;

(e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

S.C.Code Ann. § 1–23–610(B) (Supp.2011). Furthermore, "[t]he court may not substitute its judgment for the judgment of the administrative law [court] as to the weight of the evidence on questions of fact." *Id.*

## LAW/ANALYSIS

### I. Folly Island

■ Dreher contends the ALC erred in concluding Tract D is subject to the Small Islands Regulation because Folly Island is expressly excluded by the General Assembly's definition of coastal island. We agree.

As an initial matter, we note the ALC's finding of fact that Tract D is a part of Folly Island is the law of the case. DHEC initially filed a motion to reconsider this particular finding by the ALC, stating "[t]he [c]ourt's finding that 'not-

withstanding the man-made excavation, Petitioner's property, geologically, geographically, and by legal description, is on and within the boundaries of Folly Island' is inconsistent with the evidence presented and misleading in light of the court's correct legal conclusions." Despite DHEC's attempt to correct this alleged inconsistency in the Order, the ALC did not rule on the motion and DHEC failed to challenge the ALC's finding on appeal; therefore, the finding that Tract D is a part of Folly Island is the law of the case. *See, e.g., Commercial Credit Loans, Inc. v. Riddle,* 334 S.C. 176, 187, 512 S.E.2d 123, 129 (Ct.App.1999) (holding a lower court's finding was the law of the case because respondent failed to cross appeal the issue).

Even if the ALC's finding that Tract D is a part of Folly Island is not the law of the case, we find there is substantial evidence in the record to support the ALC's finding of fact that Dreher's property "geologically, geographically, and by legal description, is on and within the boundaries of Folly Island." At the hearing, Dreher presented expert testimony establishing that Tract D is geologically and geographically part of Folly Island. Dr. Eric Poplin ("Dr. Poplin") and Dr. Allen Kem Fronabarger ("Dr. Fronabarger") both testified Tract D was part of a "dune ridge" that formed on the back side of Folly Island as a result of aeolian deposition of sand. In addition, this "dune ridge" is graphically depicted as early as 1825 on a survey prepared by the Department of the Army and on subsequent aerial photographs as late as 1949. Furthermore, Dr. Poplin testified he conducted shovel tests of the soils on 806 East Cooper and Tract D that demonstrated there are no differences in their composition and that they appear to be from the same land form.

Dreher also presented substantial evidence to support the ALC's finding that Tract D is on and within the legal boundaries of Folly Island. The title abstract for Tract D states that Dreher's title derives from a grant made on November 8, 1918, to Folly Island Company of a tract described as "the 'Folly Islands' or more commonly known collectively as 'Folly Island,' being bounded on the East by the Atlantic Ocean, on the South by the channel of Stono Inlet, on the west by the channel of Folly River and Folly Creek and on the North by the channel of Lighthouse Inlet." Attached to the deed is a

plat recorded on December 9, 1895, showing the property described in the grant. Accordingly, Tract D is included both in the metes and bounds of the 1918 deed and within the surveyed boundaries of the 1895 plat. Based on Dreher's deed and subsequent chain of title, Tract D is, by legal description, on and a part of Folly Island.[2]

Therefore, the ALC's finding of fact that Tract D is "geologically, geographically, and by legal description, on and within the boundaries of Folly Island" is a reasonable conclusion supported by substantial evidence based on the expert testimony and title evidence presented at the hearing. *See Risher v. S.C. Dep't of Health & Envtl. Control,* 393 S.C. 198, 210, 712 S.E.2d 428, 434 (2011) ("The court's determination of whether or not the Lot is a part of Fripp Island is not a legal question that is determined under the rubric of a regulation; instead, it is a finding of fact properly left within the purview of the fact finding body, and only reversible if unsupported by substantial evidence in the record."); *Bursey v. S.C. Dep't of Health & Envtl. Control,* 369 S.C. 176, 188–89, 631 S.E.2d 899, 906 (2006) (stating when conflicting evidence exists as to an issue, the court's substantial evidence standard of review defers to the findings of the fact-finder).

## II. Plain Language of the Regulation

Next, Dreher contends the ALC erred in determining Tract D was a coastal island because the court relied exclusively on the first sentence of the regulatory definition of coastal island to the exclusion of the subsequent language of the regulation. We agree.

Regulation 30–1(D)(11) defines coastal island as "an area of high ground above the critical area delineation that is separated from other high ground areas by coastal tidelands or waters." 23A S.C.Code Ann. Regs. 30–1(D)(11) (Supp.2011). Here, there is no dispute that Tract D is a coastal island as defined in the regulations because Dreher concedes Tract D is a high ground area above the critical line delineation separated from the upland immediately adjacent to 806 East Cooper

---

**2.** The property description found in the eight subsequent deeds, including the grant to Dreher in 1994, is identical to the original grant to the Folly Island Company in 1918.

Avenue by navigable, saline waters. However, the regulation further provides, in pertinent part, that:

> The purpose of this definition is to include all islands except those that are essentially mainland, i.e., those that already have publicly accessible bridges and/or causeways. The following islands shall not be deemed a coastal island subject to this section due to their large size and developed nature: ... Folly Island....

*Id.*

"The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature." *Mid–State Auto Auction of Lexington, Inc. v. Altman,* 324 S.C. 65, 69, 476 S.E.2d 690, 692 (1996). A statute should be read as a whole. *Id.* Further, "[s]tatutes which are part of the same legislative scheme should be read together." *Great Games, Inc. v. S.C. Dep't of Revenue,* 339 S.C. 79, 84, 529 S.E.2d 6, 8 (2000). "Unless there is something in the statute requiring a different interpretation, the words used in a statute must be given their ordinary meaning." *Mid–State Auto,* 324 S.C. at 69, 476 S.E.2d at 692. "The true guide to statutory construction is not the phraseology of an isolated section or provision, but the language of the statute as a whole considered in light of its manifest purpose." *Floyd v. Nationwide Mut. Ins. Co.,* 367 S.C. 253, 260, 626 S.E.2d 6, 10 (2005).

Although Tract D satisfies the definition of a coastal island in the first sentence of Regulation 30–1(D)(11) as it is "an area of high ground above the critical area delineation that is separated from other high ground areas by coastal tidelands or waters," the regulation further provides for certain exclusions, stating the coastal island definition does not apply to Folly Island. *See* § 30–1(D)(11). Based upon the ALC's finding that Tract D is a part of Folly Island, we find the regulation, when read in its entirety, supports a finding that Tract D is exempt from the definition of coastal island and thereby exempt from the Small Islands Regulation. Therefore, the ALC erred in concluding Tract D was not exempt from the definition of coastal island under Regulation 30–1(D)(11).

## III. *De Minimus* Impact

Dreher contends if the Small Island Regulations do not apply to Tract D, she is in compliance with 23A S.C.Code Ann. Regs. 30–12(F) (Supp.2011) (the Transportation Regulation), and the bridge permit should be granted. We agree.

Although DHEC initially filed a motion to reconsider the ALC's finding that "the proposed bridge was the least environmentally damaging alternative for access to Tract D and, in fact, would have de minimus environmental impact," DHEC failed to challenge the ALC's finding on appeal. Accordingly, the ALC's finding is the law of the case. *See Commercial Credit Loans*, 334 S.C. at 187, 512 S.E.2d at 129 (holding a lower court's finding was the law of the case because respondent failed to cross appeal the issue).

Notwithstanding the law of the case, there is substantial evidence to support the ALC's finding that the proposed bridge complied with the Transportation Regulation. The Transportation Regulation provides, in pertinent part, "the location and design of public and private transportation projects must avoid the critical areas to the maximum extent feasible. Where coastal waters and tidelands cannot be avoided, bridging rather than filling of these areas will be required to the maximum extent feasible." *See* § 30–12(F)(2)(b). Because Dreher cannot avoid the waters and tidelands, her permit application proposes minimal construction of a bridge to span the critical area to reach Tract D. Dreher's application also states that the cumulative impacts to the environment and surrounding areas would be minimal and that the proposed bridge represents "the least damaging and most practicable alternative for accomplishing the project." Accordingly, we find there is substantial evidence to support the ALC's finding that Dreher's permit application complied with the criteria of the Transportation Regulation. *See Se. Res. Recovery, Inc. v. Dep't of Health & Envtl. Control*, 358 S.C. 402, 407, 595 S.E.2d 468, 470 (2004) ("Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached.").

## CONCLUSION

It is the law of the case that Dreher's property is geologically, geographically, and by legal description on, and a part of, Folly Island. Folly Island is specifically exempted from the Small Islands Regulation, and as a result, it was error for the ALC to affirm DHEC's denial of Dreher's permit to build a bridge to Tract D. We further conclude the finding that Dreher's permit application to access Tract D complies with the Transportation Regulation is the law of the case. Accordingly, the order of the ALC is

**REVERSED.**

THOMAS and LOCKEMY, JJ., concur.