# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Ann Dreher, Respondent,

v.

South Carolina Department of Health and Environmental Control, Petitioner.

Appellate Case No. 2013-000364

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal From The Administrative Law Court
Ralph King Anderson III, Administrative Law Judge

---

Opinion No. 27507
Heard November 18, 2014 – Filed March 18, 2015

---

## AFFIRMED AS MODIFIED

---

Bradley David Churdar, of N. Charleston, for Petitioner.

Christopher McG. Holmes, of Mt. Pleasant, for Respondent.

---

**CHIEF JUSTICE TOAL:**      We granted the South Carolina Department of Health and Environmental Control's (DHEC) petition for a writ of certiorari to review the court of appeals' decision in *Dreher v. South Carolina Department of Health and Environmental Control*, 399 S.C. 259, 730 S.E.2d 922 (Ct. App. 2012),

reversing the Administrative Law Court's (ALC) denial of Ann Dreher's (Respondent) bridge construction permit application. We affirm as modified.

## FACTS/PROCEDURAL BACKGROUND

In January 1994, Respondent purchased two parcels of property located on Folly Island, South Carolina: 806 East Cooper Avenue, and Tract D. These lots were previously a contiguous tract of high ground property in which the Tract D portion abutted the ocean, and the Cooper Avenue portion abutted the roadway. However, at some point prior to Respondent's property purchase, two man-made canals were constructed, after which Tract D became completely surrounded by coastal tidelands and waters. At present, 806 East Cooper Avenue is approximately 0.24 acres in size, and Tract D is approximately 0.84 acres in size.

On April 2, 2009, Respondent filed a permit application with DHEC requesting permission to construct a vehicular bridge from 806 East Cooper Avenue to Tract D. DHEC denied the application because Regulation 30-12(N)(2)(c) prohibits the agency from issuing a bridge construction permit to a "coastal island" less than two acres in size, and the parties agreed that—if Tract D was, in fact, a "coastal island"—it did not meet the regulation's minimum size requirement. *See* S.C. Code Ann. Regs. 30-12(N)(2)(c) (2011).[1]

Respondent requested a contested case hearing before the ALC. At the hearing, the parties focused on whether Tract D met the definition of a "coastal

---

[1] Regulation 30-12(N)(2) specifically states:

(a) The decision on whether to issue or deny a permit for a bridge to a coastal island must be made with due consideration of the impacts to the public trust lands, critical area, coastal tidelands and coastal waters, weighed against the reasonable expectations of the owner of the coastal island. Giving due consideration to these factors, [DHEC] has determined that some islands are too small or too far from upland to warrant the impacts on public resources of bridges to these islands, and thus no permit for a bridge shall be issued.

. . . .

(c) [DHEC] will not consider applications for bridge access to islands less than two acres in size.

island" as described in the Coastal Zone Management Act (CZMA) and the regulations promulgated pursuant to the CZMA.  *See generally* S.C. Code Ann. §§ 48-39-10 to -360 (2008 & Supp. 2014); S.C. Code Ann. Regs. 30-1 to -21 (2011 & Supp. 2014).  A "coastal island" is defined as:

> an area of high ground above the critical area delineation that is separated from other high ground areas by coastal tidelands or waters. An island connected to the mainland or other island only by a causeway is also considered a coastal island.  The purpose of this definition is to include all islands except those that are essentially mainland, i.e., those that already have publicly accessible bridges and/or causeways. ***The following islands shall not be deemed a coastal island subject to this section due to their large size and developed nature***:  Waites Island in Horry County; Pawleys Island in Georgetown County; Isle of Palms, Sullivans Island, ***Folly Island***, Kiawah Island, Seabrook Island, Edisto Island, Johns Island, James Island, Woodville Island, Slannn Island and Wadmalaw Island in Charleston County; Daniel Island in Berkeley County; Edisto Beach in Colleton County; Harbor Island, Hunting Island, Fripp Island, Hilton Head Island, St. Helena Island, Port Royal Island, Ladies Island, Spring Island and Parris Island in Beaufort County.

S.C. Code Ann. Regs. 30-1(D)(11) (emphasis added).  Because the listed islands are not considered "coastal islands," properties on these islands are exempt from the minimum acreage requirement found in Regulation 30-12(N)(2)(c).  *See* S.C. Code Ann. Regs. 30-12(N)(2)(a), (c) (restricting eligibility for a bridge-building permit to those coastal islands that are large enough to warrant the impact on public resources).

Ultimately, the ALC found Tract D "geologically, geographically and by legal description, is on and within the boundaries of Folly Island."[2]  Nonetheless, the ALC concluded that Tract D constituted a "coastal island" separate and apart from Folly Island.[3]  Therefore, the ALC upheld DHEC's denial of Respondent's

---

[2] Similarly, the ALC found that "[t]he proposed bridge was the least environmentally damaging alternative for access to Tract D and, in fact, would have de minimus environmental impact."

[3] The ALC based this conclusion on four reasons.  First, the ALC found that Tract D was "an area of high ground about the critical area that is separated from other

bridge permit application, finding that "Tract D is less than one acre in size," and that "the legislative intent, as evidenced by the language of Regulation 30-1(D)(11) and the policies of the CZMA, was to include islands like Tract D in Regulation 30-1(D)(11)'s definition of 'coastal island.'"[4]

Respondent appealed to the court of appeals, and the court of appeals reversed the ALC's decision. *See Dreher*, 399 S.C. at 261, 730 S.E.2d at 923. Specifically, the court of appeals found that because DHEC "failed to challenge" the ALC's finding that Tract D was part of Folly Island, that finding became the law of the case. *Id.* at 263, 730 S.E.2d at 924. The court of appeals considered this fact dispositive, as Folly Island—and thus Tract D—were specifically exempt from the minimum acreage requirement for a bridge-building permit. *See id.* at 264–65, 730 S.E.2d at 925. In the alternative, the court of appeals ruled that on the merits, substantial evidence in the record demonstrated that Tract D was part of Folly Island, and thus was exempt from the minimum acreage requirement found in Regulation 30-12(N)(2)(c). *Id.* at 263–64, 730 S.E.2d at 924–25. Finally, the court of appeals held that because Respondent was not prohibited from building a bridge due to Tract D's small size, she was entitled to construct the bridge by virtue of Regulation 30-12(F). *Id.* at 266, 730 S.E.2d at 925–26; *see also* S.C. Code Ann. Regs. 30-12(F) (requiring DHEC to weigh the environmental impact of proposed bridges against public safety considerations, and to approve projects that have a

high ground areas by coastal tidelands or waters," and thus technically met the definition of a "coastal island." Second, the ALC determined that unlike the other exempt islands listed in Regulation 30-1(D)(11), Tract D was not "essentially mainland," and thus the General Assembly did not intend to exempt Tract D from the minimum acreage requirement found in Regulation 30-12(N)(2)(c). Third, the ALC similarly concluded that the General Assembly did not intend to include parcels such as Tract D in the list of exempt coastal islands because unlike the other named islands, Tract D was not "large [in] size and developed [in] nature." Finally, the ALC found that building the bridge to Tract D would require building in a tidelands area, which the CZMA specifically sought to protect.

[4] Both parties filed timely motions to reconsider. Of note, DHEC requested the ALC reconsider its finding that Tract D "geologically, geographically and by legal description, is on and within the boundaries of Folly Island," arguing that the finding was inconsistent with the remainder of the ALC's conclusions. Because the ALC did not rule on either party's motion within thirty days, the motions were deemed denied.

minimal environmental impact).

We granted DHEC's petition for a writ of certiorari to review the court of appeals' decision.

## ISSUES

I. Whether the court of appeals misapplied the law of the case doctrine?

II. Whether Tract D is exempt from the minimum acreage requirement found in Regulation 30-12(N)(2)(c)?

## STANDARD OF REVIEW

Appellate courts review cases decided by the ALC in accordance with the Administrative Procedures Act. *Engaging & Guarding Laurens Cnty.'s Env't (EAGLE) v. S.C. Dep't of Health & Envtl. Control*, 407 S.C. 334, 341, 755 S.E.2d 444, 448 (2014) (citing S.C. Code Ann. § 1-23-610(B) (Supp. 2012)). Thus we are limited "to determining whether the ALC's findings were supported by substantial evidence or were controlled by an error of law." *Id.* An appellate court may not substitute its judgment for the judgment of the ALC as to the weight of the evidence on questions of fact. S.C. Code Ann. § 1-23-610(B). "In determining whether the [ALC's] decision was supported by substantial evidence, this Court need only find, looking at the entire record on appeal, evidence from which reasonable minds could reach the same conclusion that the [ALC] reached." *Hill v. S.C. Dep't of Health & Envtl. Control*, 389 S.C. 1, 9–10, 698 S.E.2d 612, 617 (2010).

## ANALYSIS

### I. *Law of the Case Doctrine*

"An unappealed ruling is the law of the case and requires affirmance." *Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013). Thus, should the appealing party fail to raise all of the grounds upon which a lower court's decision was based, those unappealed findings—whether correct or not—become the law of the case. *Cf. Judy v. Martin*, 381 S.C. 455, 458, 674 S.E.2d 151, 153 (2009) ("Under the law-of-the-case doctrine, a party is precluded from relitigating . . . , [*inter alia,*] matters that were [] not raised on

appeal, but should have been . . . .").[5]

Moreover, because an appellate court may affirm the lower court's decision for any reason appearing in the record, the prevailing party may—but is not required to—raise additional sustaining grounds to support the lower court's decision. *See* Rule 220(c), SCACR; *see also I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 417, 420, 526 S.E.2d 716, 722, 723 (2000) ("In raising an additional sustaining ground in an appeal, the party who prevailed in the lower court urges an appellate court to affirm the lower court's ruling for a reason other than one primarily relied upon by the lower court."). Thus, "it is not necessary for the party who prevailed below to object to or appeal from the trial court's ruling in order to raise such grounds." *I'On*, 338 S.C. at 418, 526 S.E.2d at 722.

Here, the court of appeals found that DHEC—the prevailing party before the ALC—should have secured a ruling from the ALC reversing its finding that Tract D was "geologically, geographically and by legal description, [] on and within the boundaries of Folly Island," and that because DHEC failed to do so, this finding became the law of the case. However, the court of appeals misapprehended the law of the case doctrine. Specifically, the court of appeals erred in applying the doctrine so as to bar the prevailing party below from raising an additional sustaining ground. DHEC properly raised its challenge to the ALC's finding in its brief to the court of appeals, and thus did not concede or abandon the argument. *See id.* at 420, 526 S.E.2d at 723. Therefore, rather than find the argument procedurally barred, the court of appeals should have considered whether Tract D is a "coastal island" as defined in the regulations.

## II.      *Coastal Island Exemption*

DHEC asserts that because Tract D is surrounded by coastal tidelands and waters, it is a "coastal island" under Regulation 30-1(D)(11). Further, DHEC argues that Tract D essentially ceased to be a part of Folly Island as a result of the creation of the man-made canals that separate Tract D from 806 East Cooper Avenue. In contrast, Respondent does not dispute that Tract D is surrounded by coastal tidelands and waters, but rather contends that because Tract D remains within the geographical and legal boundaries of Folly Island, it is expressly exempt

---

[5] To the extent an appellate court relies on the law of the case doctrine, the appellate decision affirms the lower court's decision procedurally, rather than on the merits.

from being considered a "coastal island." As the ALC aptly expressed, "This decision [] centers on whether the legislature intended that its declaration of Folly Island as [exempt from the general definition of a 'coastal island'] overrides its declaration that a coastal island is simply high ground which is 'separated from other high ground areas by coastal tidelands or waters.'" In other words, the issue here is purely an issue of regulatory interpretation.

Generally, "[a] specific statutory provision prevails over a more general one." *Wooten ex rel. Wooten v. S.C. Dep't of Transp.*, 333 S.C. 464, 468, 511 S.E.2d 355, 357 (1999); *see also Converse Power Corp. v. S.C. Dep't of Health & Envtl. Control*, 350 S.C. 39, 47–48, 564 S.E.2d 341, 346 (Ct. App. 2002) (employing the rules of statutory construction to discern the meaning of a regulation). Here, Regulation 30-1(D)(11) broadly defines "coastal islands," but then specifically exempts certain islands, including Folly Island, from the general definition. *See* S.C. Code Ann. Regs. 30-1(D)(11). Further, the ALC found that Tract D was "on and within" Folly Island, and as detailed in the court of appeals' opinion, that finding is supported by substantial evidence in the record. *See Dreher*, 399 S.C. at 263–64, 730 S.E.2d at 924–25 (outlining the facts in the record demonstrating that Tract D is part of Folly Island). As such, we agree with Respondent that Tract D is not a "coastal island" in and of itself; rather, it is part of Folly Island, which is specifically exempted in the regulation.

Accordingly, the specific regulatory exemption for Folly Island controls over the more general regulatory definition of "coastal island." As a result, Tract D cannot be considered a "coastal island," and the minimum acreage requirement found in Regulation 30-12(N)(2)(c) does not bar Respondent's bridge construction permit application. In conjunction with Regulation 30-12(F) and the ALC's finding that "[t]he proposed bridge was the least environmentally damaging alternative for access to Tract D and, in fact, would have de minimus environmental impact," we find that DHEC and the ALC erred in denying Respondent's permit application. *Cf.* S.C. Code Ann. Regs. 30-12(F) (outlining the environmental impact standards DHEC should consider prior to granting a bridge-building permit).

## CONCLUSION

For the foregoing reasons, we affirm the result reached by the court of appeals, albeit through different reasoning.

**AFFIRMED AS MODIFIED**.

**KITTREDGE and BEATTY, JJ., concur. PLEICONES, J., concurring in part and dissenting in part in a separate opinion in which HEARN, J., concurs.**

**JUSTICE PLEICONES:** I concur in part and dissent in part. I agree with the majority that the Court of Appeals misapplied the law of the case doctrine. I disagree, however, with the majority's decision to uphold the Court of Appeals' reversal of the ALC's denial of respondent's permit request.

The majority acknowledges that whether Tract D is entitled to share Folly Island's coastal island exemption found in S.C. Code Ann. Regs. 30-1(D)(11) (2011) is a question of fact, which is reviewed under the substantial evidence standard. While the majority views the factual issue as whether Tract D is a "part" of Folly Island or "on and within" that island, in my view the question is whether there is substantial evidence to support the ALC's finding that the tract is itself a coastal island. Whether a parcel located within the geographic boundaries of a named island is itself a separate coastal island within the meaning of Reg. 30-1(D)(11), or whether it is not and therefore shares the named island's exemption, is a question of fact. *Risher v. S.C. Dep't of Health & Envtl. Control*, 393 S.C. 198, 210, 712 S.E.2d 428, 434 (2011) ("whether or not the Lot is part of Fripp Island is not a legal question that is determined under the rubric of a regulation; instead, it is a finding of fact properly left within the purview of the fact finding body, and only reversible if unsupported by substantial evidence").

In *Risher*, we found substantial evidence supported the ALC's findings that the lot located within the geographic boundaries of Fripp Island did not meet the definition of coastal island under the regulation, and that it was therefore within Fripp's exemption. Here, as all parties admit, Tract D is entirely surrounded by "coastal tidelands or waters" and is therefore a coastal island as defined by Reg. 30-1(D)(11). The ALC's finding that Tract D is not within Folly Island's exemption is supported by substantial evidence. *Risher*, *supra*. In my opinion, the Court of Appeals erred in reversing the ALC, and the majority also errs by focusing on Tract D's location rather than on its topography. *Id*.

Even if the majority's view prevails, and the ALC's decision finding Tract D to be a coastal island is reversed, it does not follow that respondent is automatically entitled to the bridge permit she seeks. Instead, the matter should be remanded to DHEC for consideration of the permit request in light of the requirements of S.C. Code Ann. Regs. 30-12(F) (2011), an issue which has not yet been litigated.

For the reasons given above, I concur in part and dissent in part.

**HEARN, J., concurs.**