**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

N. Bobby Knight and Construction Group, LLC,
Appellants,

v.

South Carolina Department of Labor, Licensing, and
Regulation, South Carolina Contractor's Board,
Respondent.

Appellate Case No. 2017-001311

———————

Appeal From The Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

———————

Unpublished Opinion No. 2020-UP-299
Heard September 23, 2020 – Filed November 4, 2020

———————

**AFFIRMED**

———————

William Koatesworth Swope, of The Swope Law Firm,
PA, of Charleston, for Appellants.

Timothy Kyle Tennis, of The South Carolina Department
of Labor, Licensing and Regulation, of Columbia, for
Respondent.

———————

**PER CURIAM:** N. Bobby Knight and Construction Group, LLC (collectively, Appellants) appeal the Administrative Law Court's (ALC's) order dismissing their appeal from the decision of the South Carolina Contractor's Licensing Board (the Board). Appellants argue the ALC erred by dismissing their appeal because (1) the South Carolina Department of Labor, Licensing, and Regulation (the Department) failed to provide them with proper notice of a formal summons and complaint pursuant to Rules 4(d), 4(g), and 5(d), SCRCP, and (2) the ALC and the Board lacked jurisdiction. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. We affirm the ALC's dismissal of Construction Group LLC's appeal as the law of the case. *See Dreher v. S.C. Dep't of Health & Envtl. Control*, 412 S.C. 244, 249, 772 S.E.2d 505, 508 (2015) ("An unappealed ruling is the law of the case and requires affirmance." (quoting *Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013))); SCALC Rule 8A ("Any party which is not a natural person must be represented by an attorney.").

2. We find the ALC did not err by dismissing Knight's appeal. We conclude the Administrative Procedures Act (the APA), rather than the South Carolina Rules of Civil Procedure, governed the proceedings before the Board. We find the Department complied with the requirements of due process and the APA by mailing notice to the address Knight had on file with the Department, and we affirm the ALC's dismissal of Knight's appeal. *See* Rule 1, SCRCP ("These rules govern the procedure in all South Carolina courts in all suits of a *civil* nature . . . ." (emphasis added)); Rule 81, SCRCP ("These rules, or any of them, shall apply to every trial court of *civil* jurisdiction within this state . . . ." (emphasis added)); S.C. Code Ann. § 1-23-320(A) (2005 & Supp. 2019) ("In a contested case, all parties must be afforded an opportunity for hearing after notice of not less than thirty days . . . ."); S.C. Code Ann. § 1-23-310(3) (2005) ("'Contested case' means a proceeding including . . . licensing, in which the legal rights, duties, or privileges of a party are required by law to be determined by an agency after an opportunity for hearing . . . ."); S.C. Code Ann. § 1-23-310(2) (2005) ("'Agency' means each state board, . . . department, or officer, other than the legislature, the courts, or the [ALC], authorized by law to determine contested cases . . . ."); S.C. Code Ann. § 1-23-370(C) (2005) ("No revocation[ or] suspension . . . of any license is lawful unless, prior to the institution of agency proceedings, the agency gave notice *by mail* to the licensee of facts or conduct which warrant the intended action, and the licensee was given an opportunity to show compliance with all lawful requirements for the retention of the license." (emphasis added)); *Kurschner v. City of Camden Planning Comm'n*, 376 S.C. 165, 171, 656 S.E.2d 346, 350 (2008) ("The

fundamental requirements of due process include notice, an opportunity to be heard in a meaningful way, and judicial review."); *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (stating due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"); *id.* at 315 ("The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.").

3. As to both Appellants, we find the ALC and the Board had subject matter jurisdiction over the proceedings.  The Board is an administrative agency, which the General Assembly empowered to conduct hearings on alleged violations and to discipline persons licensed by the Board.  This case was a contested case involving licensing and the discipline of Appellants for their alleged violations of certain statutory provisions governing their occupation.  Therefore, the Board had subject matter jurisdiction over this case, and the ALC obtained subject matter jurisdiction when Appellants appealed the Board's decision to the ALC.  *See* S.C. Code Ann. § 40-1-40(B) (2011) (providing for the creation of the Contractors' Licensing Board); S.C. Code Ann. § 40-1-70(6), (8) (2011) ("The powers and duties of regulatory boards include . . .  conducting hearings on alleged violations of this article and regulations promulgated under this article; . . . [and] disciplining persons licensed under this article in a manner provided for in this article . . . ."); S.C. Code Ann. § 40-1-115 (2011) ("A board has jurisdiction over the actions committed or omitted by current and former licensees during the entire period of licensure.  The board has jurisdiction to act on any matter which arises during the practice authorization period."); S.C. Code Ann. § 1-23-600(D) (Supp. 2019) (providing the ALC "shall preside over appeals from final decisions of contested cases pursuant to the [APA]").

4. As to Appellants' argument the Board lacked personal jurisdiction: *Brown v. S.C. Dep't of Health & Envtl. Control*, 348 S.C. 507, 519, 560 S.E.2d 410, 417 (2002) ("[I]ssues not raised to and ruled on by the AL[C] are not preserved for appellate consideration.").

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**