**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

David W. Harwell, Deceased, by and through the duly appointed Personal Representative of His Estate, Robert Bryan Harwell, Respondent,

v.

Deborah B. Harwell, Appellant.

Appellate Case No. 2016-002058

———————

Appeal From Horry County
Melissa J. Buckhannon, Family Court Judge

———————

Unpublished Opinion No. 2020-UP-306
Submitted December 2, 2019 – Filed November 12, 2020

———————

**AFFIRMED**

———————

Deborah B. Harwell, of Mooresville, North Carolina, pro se.

Kevin Mitchell Barth, of Barth, Ballenger & Lewis, LLP, and Gena Phillips Ervin, of Orr & Ervin, LLC, both of Florence, for Respondent.

———————

**PER CURIAM:** Deborah B. Harwell (Widow) appeals the family court's order finding her in criminal contempt for violating various provisions of a previous

court order. On appeal, Widow argues the family court erred in (1) finding it had subject matter jurisdiction; (2) finding her in criminal contempt; and (3) ordering her to pay attorney's fees. We affirm.

**FACTS/PROCEDURAL HISTORY**

David W. Harwell (Decedent) and Widow were married on November 21, 2001, having entered into a prenuptial agreement on November 19, 2001. On March 20, 2015, Decedent filed an action in family court seeking a decree of separate support and maintenance, including a request for enforcement of the prenuptial agreement. The parties agreed to mediation and reached an agreement resolving all issues (Mediation Agreement). The parties requested the family court approve the agreement. The family court adopted and incorporated the Mediation Agreement into its final order (the Final Decree) issued on July 21, 2015. The Final Decree included provisions requiring (1) Widow and Decedent to file a joint tax return and proportionally split the refund and (2) Widow to release Decedent's cell phone number from her account, as well as provisions prohibiting (1) contact between Widow and Decedent and (2) Widow and Decedent from disparaging each other or each other's families. The Final Decree contained the following warning in capitalized, bold letters: "Failure to comply with the terms of this order may constitute contempt of court, and may be punishable by a fine, a public work sentence, or by imprisonment, or any combination thereof, in the discretion of the court." On September 30, 2015, Decedent passed away.

On February 11, 2016, the family court issued a rule to show cause against Widow at the request of Robert B. Harwell (Harwell), the personal representative for Decedent's estate, for alleged violations of the Final Decree. The family court found Widow in criminal contempt for violating the four provisions described above, sentencing her to forty-five days' imprisonment. Widow filed a motion to reconsider and for a new trial pursuant to Rule 59(e), SCRCP, which the family court denied. This appeal followed.

**LAW/ANALYSIS**

1. We find the family court had subject matter jurisdiction to enforce the Final Decree.[1] "Subject matter jurisdiction is 'the power to hear and determine cases of

---

[1] Several of Widow's arguments relate to the family court's subject matter jurisdiction to include certain provisions in the Final Decree. We find these issues are not properly before this court because Widow did not appeal the Final Decree,

the general class to which the proceedings in question belong.'" *Theisen v. Theisen*, 394 S.C. 434, 440–41, 716 S.E.2d 271, 274 (2011) (quoting *Dove v. Gold Kist, Inc.*, 314 S.C. 235, 237–38, 442 S.E.2d 598, 600 (1994)).  The family court has "exclusive jurisdiction . . . in all cases or proceedings within the county against persons charged with failure to obey an order of the court made pursuant to authority conferred by law."  S.C. Code Ann. § 63-3-530(A)(13) (2010).  The family court also has exclusive jurisdiction over cases involving "separate support and maintenance . . . and for settlement of all legal and equitable rights of the parties in the actions in and to the real and personal property of the marriage."  S.C. Code Ann. § 63-3-530(A)(2) (2010).  In this case, the family court was adjudicating the question of whether Widow willfully violated the Final Decree, which granted Decedent's request for a decree of separate maintenance and support and settled the legal and equitable rights attendant to Widow and Decedent's marriage.  Because this case involved an allegation of a "failure to obey an order of the [family] court" issued to conclude a case for "separate support and maintenance . . . and for settlement of all legal and equitable rights of the parties . . . [to a] marriage," the family court had subject matter jurisdiction to hear this case.[2] § 63-3-530(A)(2), (13).

2. Widow raises multiple arguments as to why the family court erred in finding her in criminal contempt for violating provisions of the Final Decree.  We find these issues are unpreserved for appellate review.  *See Dreher v. S.C. Dep't of Health & Envtl. Control*, 412 S.C. 244, 249–50, 772 S.E.2d 505, 508 (2015) ("'An unappealed ruling is the law of the case and requires affirmance.'  Thus, should the appealing party fail to raise all of the grounds upon which a [family] court's decision was based, those unappealed findings—whether correct or not—become the law of the case." (citation omitted) (quoting *Shirley's Iron Works, Inc. v. City of*

---

move for reconsideration under Rule 59(e), or move to be relieved from judgment under Rule 60(b), SCRCP.  *See Bakala v. Bakala*, 352 S.C. 612, 632, 576 S.E.2d 156, 166 (2003) (finding the family court could not overrule a prior unappealed family court order because it had become the law of the case).  Accordingly, Widow's subject matter jurisdiction challenge is limited to determining whether the family court had jurisdiction to enforce the Final Decree.

[2] Although Widow raises the issue of personal jurisdiction in her argument that the family court lacked jurisdiction over Decedent's family members, she did not include this issue in her statement of the issues on appeal.  *See* Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal.").  Accordingly, this argument is not preserved for appellate review.

*Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013))); *Skywaves I Corp. v. Branch Banking & Tr. Co.*, 423 S.C. 432, 451, 814 S.E.2d 643, 653–54 (Ct. App. 2018) ("Under the two[-]issue rule, whe[n] a decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case." (alterations in original) (quoting *Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010), *abrogated in part on other grounds by Repko v. County of Georgetown*, 424 S.C. 494, 818 S.E.2d 743 (2018))).  The family court found Widow in contempt for willfully violating four provisions of the Final Decree.  However, Widow only challenged two of the provisions in her initial brief and did not discuss the remaining two provisions until her reply brief.  *See Pruitt v. Pruitt*, 389 S.C. 250, 268 n.5, 697 S.E.2d 702, 712 n.5 (Ct. App. 2010) ("[A]n argument made in a reply brief cannot present an issue to the appellate court if it was not addressed in the initial brief." (alteration in original) (quoting *Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 692 (Ct. App. 2001))); *see also Murray v. Murray*, 312 S.C. 154, 159–60, 439 S.E.2d 312, 316 (Ct. App. 1993) ("An appellant may not use the reply brief to argue issues not argued in the appellant's brief.").  Because Widow failed to appeal all of the grounds for which the family court found her in contempt, the two-issue rule and law of the case doctrines require us to affirm the family court's finding of criminal contempt.[3]

3. We affirm the family court's award of attorney's fees.  First, Widow argues Harwell was required to file a new action for his request for a rule to show cause.  However, because Widow makes a conclusory argument that this was error and does not cite any supporting authority in her brief, we find the argument is abandoned.  *See Judy v. Judy*, 384 S.C. 634, 644, 682 S.E.2d 836, 841 (Ct. App. 2009) (finding the issue was abandoned when the party made conclusory arguments and failed to cite any supporting authority).  Second, Widow argues Harwell was required to move to substitute the estate in place of Decedent under Rule 25(a)(1), SCRCP.  However, because Widow raised this issue to the family court on the second day of trial but subsequently conceded it, we find this issue is unpreserved for appellate review.  *See Widman v. Widman*, 348 S.C. 97, 118–19, 557 S.E.2d 693, 704–05 (Ct. App. 2001) (finding the issue was not preserved when it was conceded before the family court).  Third, Widow argues the attorney's fee award was error because the family court's finding of contempt was not supported

_____

[3] Based upon our review of the record, we note the family court's finding is concerning because Widow's conduct, while sufficient for a finding of civil contempt, did not warrant a finding of criminal contempt.  However, as explained above, our consideration of the issue is constrained by the rules of preservation.

by the record.  Because we affirm the family court's holding, we decline to address this argument.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

**AFFIRMED.**[4]

**WILLIAMS, KONDUROS, and MCDONALD, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.