**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Joe L. Adams, Jr., Appellant,

v.

Betty Ogbuneke, Respondent,

In the Matter of Joe L. Adams, Sr.

Appellate Case No. 2022-000357

———

Appeal From York County
William A. McKinnon, Circuit Court Judge

———

Unpublished Opinion No. 2025-UP-366
Submitted October 23, 2025 – Filed November 5, 2025

———

**AFFIRMED**

———

Joe L. Adams, Jr., pro se, of Rock Hill.

William Cyrus Corbett, of Cyrus Corbett, Attorney at Law LLC, of Chester, for Respondent.

———

**PER CURIAM:** Joe L. Adams, Jr., appeals the circuit court's dismissal of his appeal from a probate court order which directed a verdict in favor of Betty Ogbuneke, the personal representative of the Estate of Joe L. Adams, Sr., on Adams's application for restraint and performance of the personal representative.

Adams raised fourteen issues on appeal. He argues (1) the circuit and probate courts erred in failing to make complete findings of fact in violation of Rule 52(a) of the South Carolina Rules of Civil Procedure, (2) the circuit court erred in failing to make "additional" findings of fact after Adams told the circuit court he did not have the opportunity to testify before the probate court, (3) the circuit court erred when it failed to remove Ogbuneke as personal representative of the estate or assign co-personal representative rights to Adams when Ogbuneke allegedly "misrepresented" and "falsified" information on her personal representative application, (4) the circuit court erred by failing to consider allegations of credit card fraud and credit reports related to Ogbuneke, (5) the probate court erred by failing to allow Adams to present evidence in violation of Rules 19, 50 and 52 of the South Carolina Rules of Civil Procedure, (6) the circuit court erred by failing to award Adams co-personal representative rights when Ogbuneke failed to file certain documents related to the estate, (7) the circuit court erred when it failed to grant Adams relief for harassment he experienced from Ogbuneke after the probate court hearing, (8) the circuit court erred by failing to make findings of fact based on Adams's assertion that he was not allowed to testify at the probate court hearing, (9) the probate court erred when it directed a verdict in favor of Ogbuneke because Adams was not provided an opportunity to testify, submit evidence, or present a closing argument, (10) the circuit court erred by failing to make findings of fact based on Adams's assertion that the probate court refused to allow Adams to submit evidence, (11) the circuit court erred by failing to "review the case and see all the evidence," (12) the circuit court erred by accepting Ogbuneke's "explanations" regarding what occurred at the probate court hearing, (13) the circuit court erred because it was unfamiliar with the process for appealing a probate court's decision and with the specific documentation related to Adam's appeal, and (14) the circuit court erred by not investigating Adams's claims and not making findings of fact related to his claims. We affirm, pursuant to Rule 220(b), SCACR.

The circuit court dismissed Adams's appeal from the probate court, finding he failed to (1) file a statement of issues on appeal as required by section 62-1-308(b) of the South Carolina Code (2022) and (2) state a claim based on an appealable issue. On appeal to this court, Adams has not challenged the circuit court's dismissal of his appeal on the basis that he failed to comply with section 62-1-308(b). Because Adams does not appeal this finding, it is the law of the case, and we affirm. *See Dreher v. S.C. Dep't of Health & Env't Control*, 412 S.C. 244, 250, 772 S.E.2d 505, 508 (2015) ("[S]hould the appealing party fail to raise all of the grounds upon which a lower court's decision was based, those unappealed findings—whether correct or not—become the law of the case."); *Shirley's Iron*

*Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance."); Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the [r]ecord on [a]ppeal.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and VINSON and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.