**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Larry Ja Juan Scipio, Jr., Appellant.

Appellate Case No. 2022-000949

———————

Appeal From Florence County
D. Craig Brown, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-369
Submitted October 23, 2025 – Filed November 5, 2025

———————

**AFFIRMED**

———————

Deputy Chief Attorney for Capital Appeals David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, Assistant Attorney General Tommy Evans, Jr., all of Columbia; and Solicitor Edgar Lewis Clements, III, of Florence, all for Respondent.

———————

**PER CURIAM:** Larry Ja Juan Scipio, Jr., appeals his conviction and sentence of life imprisonment for murder. On appeal, Scipio argues the trial court erred by: (1) allowing an officer to testify about the circumstances surrounding Scipio's arrest; (2) excluding from evidence a transaction sheet showing credit card transactions involving his credit card which occurred around the time of the shooting; and (3) allowing an officer to testify that one of the trial witnesses informed him that Scipio was the individual who shot Victim. We affirm pursuant to Rule 220(b), SCACR.

1. We hold Scipio's arguments regarding his arrest are not preserved for appellate review because while he did object to the testimony prior to trial, he did not contemporaneously object to the evidence during trial and waited until the conclusion of the witness's testimony to renew his objection. *See State v. Sweet*, 374 S.C. 1, 5, 647 S.E.2d 202, 205 (2007) (providing that for an issue to be preserved for appellate review, the appealing party "must [make] a contemporaneous objection that is ruled upon by the trial court"); *State v. Jones*, 435 S.C. 138, 144, 866 S.E.2d 558, 561 (2021) ("If an evidentiary ruling is pretrial, a contemporaneous objection must be raised during trial when the evidence is admitted, whereas a party need not renew an objection if the decision is final."); *State v. Morales*, 439 S.C. 600, 607, 889 S.E.2d 551, 555 (2023) (finding a defendant's pretrial objections to the admission of prior bad act evidence were not preserved for appellate review because the defendant did not contemporaneously object to evidence during trial); *State v. Simmons*, 384 S.C. 145, 171, 682 S.E.2d 19, 32 (Ct. App. 2009) (holding a defendant failed to timely object to a witness's statement referencing him as "the defendant" because he objected only after the witness finished testifying).

2. We find that on appeal Scipio does not challenge the trial court's exclusion of the credit card records pursuant to Rule 5 of the South Carolina Rules of Criminal Procedure; accordingly, the trial court's ruling on this issue is the law of the case. *See* Rule 5(d)(2), SCRCrimP ("If at any time during the course of the proceedings . . . a party has failed to comply with this rule, the court may . . . prohibit the party from introducing evidence not disclosed . . . ."); *Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 ("An unappealed ruling is the law of the case and requires affirmance."); *Dreher v. S.C. Dep't of Health & Env't Control*, 412 S.C. 244, 250, 772 S.E.2d 505, 508 (2015) ("Thus, should the appealing party fail to raise all of the grounds upon which a lower court's decision was based, those unappealed findings—whether correct or not—become the law of the case.").

3.  We hold the trial court did not abuse its discretion in allowing Sergeant William Odom to testify that while he was securing the crime scene, witness Orlando Mendez told him Scipio shot Victim. *See State v. Byers*, 392 S.C. 438, 444, 710 S.E.2d 55, 57-58 (2011) ("The admission of evidence is left to the trial court's sound discretion, and its decision will not be reversed absent an abuse of discretion."); *id.* at 444, 710 S.E.2d at 58 ("An abuse of discretion occurs when the trial court's ruling is based on an error of law." (quoting *State v. McDonald*, 343 S.C. 319, 325, 540 S.E.2d 464, 467 (2000))); Rule 801(c), SCRE ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."); Rule 802, SCRE ("Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court of this State or by statute."); Rule 801(d)(1)(C), SCRE (providing a statement "of identification of a person made after perceiving the person" is not hearsay if "[t]he declarant testifie[d] at the trial or hearing and is subject to cross-examination concerning the statement").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and VINSON and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.