**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tracy G. Nicolas, Appellant,

v.

Gust L. Nicolas, Respondent.

Appellate Case No. 2024-000059

———————

Appeal From York County
David G. Guyton, Family Court Judge

———————

Unpublished Opinion No. 2026-UP-159
Submitted March 2, 2026 – Filed April 1, 2026

———————

**AFFIRMED**

———————

Barrett Wesley Martin, of Barrett W. Martin, P.A., of Rock Hill, for Appellant.

James David Duncan, of Duncan and Nobles LLC, of Rock Hill, for Respondent.

———————

**PER CURIAM:** Tracy G. Nicolas (Wife) appeals the family court's order dismissing her petition to hold Gust L. Nicolas in contempt for failing to pay car-related expenses incurred by the couple's adult daughter as required by the divorce decree. The family court found the car-expense provision at issue was ambiguous and unreasonable and Wife lacked standing to bring the action. On

appeal, Wife argues the family court erred in (1) overruling another family court judge, who had issued a rule to show cause in response to Wife's petition, (2) making findings of fact without evidentiary support, and (3) effectively modifying the final order on equitable apportionment. We affirm pursuant to Rule 220(b), SCACR.

On appeal, Wife does not challenge the family court's conclusion of law that she lacked standing to bring the contempt petition; accordingly, we hold the family court's ruling on this issue is the law of the case. *See Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance."); *Dreher v. S.C. Dep't of Health & Env't Control*, 412 S.C. 244, 250, 772 S.E.2d 505, 508 (2015) ("[S]hould the appealing party fail to raise all of the grounds upon which a lower court's decision was based, those unappealed findings—whether correct or not—become the law of the case."); *Lindsay v. Lindsay*, 328 S.C. 329, 338, 491 S.E.2d 583, 588 (Ct. App. 1997) (stating that when a party fails to challenge a ruling on appeal, that failure "is an abandonment of the issue and precludes consideration on appeal" (quoting *Biales v. Young*, 315 S.C. 166, 168, 432 S.E.2d 482, 484 (1993))).

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.