**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James Reid and Sarania Reid, Respondents,

v.

Carrie Gaston Henderson, Appellant.

Appellate Case No. 2023-001519

———————

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity

———————

Unpublished Opinion No. 2026-UP-158
Submitted March 2, 2026 – Filed April 1, 2026

———————

**AFFIRMED**

———————

Carrie Gaston Henderson, of Savannah, Georgia, pro se.

Cherese Tommae Handy, of Heritage Law Firm, of Beaufort; and Michael A. Timbes, of Thurmond Kirchner & Timbes, P.A., of Charleston, both for Respondents.

———————

**PER CURIAM:** Carrie G. Henderson appeals the master-in-equity's order denying her motion for reconsideration. On appeal, Henderson argues the master erred by failing to invalidate a 1998 quiet title judgment, by ignoring facts of an alleged conflict of interest, and by summarily denying her motion for reconsideration. We affirm pursuant to Rule 220(b), SCACR.

We hold the master did not err in denying Henderson's motion for reconsideration because Cecil Gaston, Jr. and his heirs, including Henderson, failed to timely appeal the 1998 quiet title action order that divested Gaston and his heirs of any interest in 110 acres of land; therefore, the unappealed ruling became the law of the case and requires affirmance. *See Twelfth RMA Partners, L.P. v. Nat'l Safe Corp.*, 335 S.C. 635, 639, 518 S.E.2d 44, 46 (Ct. App. 1999) ("The appellate court will correct any errors of law, but it must affirm the master's factual findings unless no evidence exists that reasonably supports those findings."); S.C. Code Ann. § 15-3-340 (2005) ("No action for the recovery of real property or for the recovery of the possession of real property may be maintained unless it appears that the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the premises in question within ten years before the commencement of the action."); *Dreher v. S.C. Dep't of Health & Env't Control*, 412 S.C. 244, 249-50, 772 S.E.2d 505, 508 (2015) ("An unappealed ruling is the law of the case and requires affirmance." (quoting *Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013))); *id.* at 250, 772 S.E.2d at 508 ("[S]hould the appealing party fail to raise all of the grounds upon which a [circuit] court's decision was based, those unappealed findings—whether correct or not—become the law of the case.").

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.